1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

LINDA ANN SMITH,                )
                                )        Case No. 2:13-cv-00347-GMN-CWH
                   Plaintiff,    )
                                )        **ORDER**
vs.                             )
                                )
COMMISSIONER OF SOCIAL          )
SECURITY ADMINISTRATION,        )
                                )
                   Defendant.   )
_____)

This matter was referred to the undersigned Magistrate Judge on Plaintiff's Motion/Application for Leave to Proceed *In Forma Pauperis* (#1), filed on February 28, 2013. On March 4, 2013, the Court denied Plaintiff's Motion/Application for Leave to Proceed *In Forma Pauperis* (#1) because it did not provide sufficient information for the Court to determine if she exhausted her administrative remedies and timely filed this action. *See* Order #2.

**I.      Screening the Amended Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen the complaint pursuant to § 1915(a). Federal courts are given the authority dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a

1   ruling on a question of law.  *North Star Intern. v. Arizona Corp. Comm'n*, 720 F.2d 578, 580 (9th Cir.

2   1983).  In considering whether the plaintiff has stated a claim upon which relief can be granted, all

3   material allegations in the complaint are accepted as true and are to be construed in the light most

4   favorable to the plaintiff.  *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980).

5        Plaintiff's complaint challenges a decision by the Social Security Administration ("SSA")

6   denying benefits.  Prior to filing suit, a plaintiff must exhaust administrative remedies.  *See* 42 U.S.C.

7   § 405(g); *see also Bass v. Social Sec. Admin.*, 872 F.2d 832, 833 (9th Cir. 1989) (per curium) ("Section

8   405(g) provides that a civil action may be brought only after (1) the claimant has been party to a hearing

9   held by the Secretary, and (2) the Secretary has made a final decision on the claim").  Generally, if the

10  SSA denies a claimant's application for disability benefits, he can request reconsideration of the

11  decision.  If the claim is denied at the reconsideration level, a claimant may request a hearing before an

12  Administrative Law Judge ("ALJ").  If the ALJ denies the claim, a claimant may request review of the

13  decision by the Appeals Council.  If the Appeals Council declines to review the ALJ's decision, a

14  claimant may then request judicial review.  *See generally* 20 C.F.R. §§ 404, 416.

15       Once a plaintiff has exhausted administrative remedies, she can obtain judicial review of an

16  SSA decision denying benefits by filing suit within sixty (60) days after notice of a final decision.  *Id.*

17  An action for judicial review of a determination by the SSA must be brought "in the district court of the

18  United States for the judicial district in which the plaintiff resides."  *Id.*  The complaint should state the

19  nature of Plaintiff's disability, when Plaintiff claims she became disabled, and when and how she

20  exhausted his administrative remedies.  The Complaint should also contain a plain, short, and concise

21  statement identifying the nature of Plaintiff's disagreement with the determination made by the Social

22  Security Administration and show that Plaintiff is entitled to relief.  A district court can affirm, modify,

23  reverse, or remand a decision if Plaintiff has exhausted her administrative remedies and timely filed a

24  civil action.  However, judicial review of the Commissioner's decision to deny benefits is limited to

25  determining: (a) whether there is substantial evidence in the record as a whole to support the findings of

26  the Commissioner; and (b) whether the correct legal standards were applied.  *Morgan v. Commissioner*

27  *of the Social Security Adm.*, 169 F.3d 595, 599 (9th Cir. 1999).

28       The Court previously found that Plaintiff failed to allege sufficient facts to determine if she

2

exhausted her administrative remedies and timely filed this action.  On March 19, 2013, Plaintiff filed a copy of the Appeals Council's decision dated December 26, 2012.  The Notice indicates that the Appeals Council denied her request for review, and, at that time, the ALJ's decision became the final decision of the Commissioner.  Additionally, Plaintiff filed this action within sixty-five (65) days after the Notice.  Thus, it appears Plaintiff has exhausted her administrative remedies.  The Court notes that Plaintiff failed to file another copy of her complaint.  However, it will consider the new filing of the Notice of Appeals Council's decision as a supplement to the original complaint.  Consequently, taken together, Plaintiff's complaint and supplement allege sufficient facts to state a claim for relief.

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that:

1.    Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor.  This Order granting leave to proceed in forma pauperis shall not extend to the issuance of subpoenas at government expense.

2.    The Clerk of Court shall file the Complaint (#1-1) along with the Supplement (#4).

3.    The Clerk of the Court shall serve the Commissioner of the Social Security Administration by sending a copy of the summons and Complaint by certified mail to: Office of the Regional Chief Counsel, Region IX

Social Security Administration

160 Spear St., Suite 899

San Francisco, CA 94105-1545

4.    The Clerk of the Court shall also serve the Attorney General of the United States, Department of Justice, 950 Pennsylvania Avenue, N.W., Room 4400, Washington, D.C. 20530.

5.    The Clerk of Court shall issue summons to the United States Attorney for the District of Nevada and deliver the summons and Complaint to the U.S. Marshal for service.

6.    From this point forward, Plaintiff shall serve upon Defendant or, if appearance has been entered by counsel, upon the attorney, a copy of every pleading, motion or other

document submitted for consideration by the court.  Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was personally served or sent by mail to the defendants or counsel for the defendants.  The court may disregard any paper received by a district judge or magistrate judge which has not been filed with the Clerk, and any paper received by a district judge, magistrate judge or the Clerk which fails to include a certificate of service.

Dated this 20th day of March, 2013

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**

4