# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| LINDA ANN SMITH,<br><br>    Plaintiff,<br><br>vs.<br><br>CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | Case No. 2:13-cv-00347-GMN-CWH<br><br>**FINDINGS AND RECOMMENDATION** |

This case involves judicial review of administrative action by the Commissioner of Social Security ("Commissioner") denying Plaintiff Linda Ann Smith's application for a period of disability and disability insurance benefits pursuant to Title II of the Social Security Act. 42 U.S.C. Ch. 7. Before the Court is Plaintiff's Motion for Reversal/Remand (#16)[1], filed on June 24, 2013, and the Commissioner's Opposition (#17), filed on July 24, 2013. This action was referred to the undersigned Magistrate Judge for a report of findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(B)-(C)) and Local Rule IB 1-4.

## BACKGROUND

**I.    Procedural History**

On August 6, 2010, Plaintiff protectively filed an application for a period of disability and disability insurance benefits alleging she became disabled on August 1, 2000. (A.R. 75-81.)[2] Her claim was denied initially on September 20, 2010 and upon reconsideration on December 16, 2010. (A.R. 43-49, 51-53.) On September 29, 2011, Plaintiff appeared for a hearing before Administrative Law Judge ("ALJ") John Heyer. (A.R. 23-42.) On October 28, 2011, the ALJ issued an unfavorable

---

[1] Refers to the Court's docket number.

[2] A.R. refers to the Administrative Record in this matter. (Notice of Manual Filing #14.)

decision finding the Plaintiff has not been under a disability, as defined in the Social Security Act, from August 1, 2000 through the date last insured, December 31, 2003. (A.R. 8-22.) The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review on December 26, 2012. (A.R. 1-5.) On February 28, 2013, Plaintiff timely commenced this action for judicial review pursuant to 42 U.S.C. § 405(g). (Motion/Application for Leave to Proceed *in forma pauperis* #1.)

## II. The ALJ Decision

The ALJ followed the five-step sequential evaluation process set forth at 20 C.F.R. § 404.1520 and issued an unfavorable decision on October 28, 2011. (A.R. 8-22.) At step one, the ALJ found that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2003 and has not engaged in substantial gainful activity ("SGA") from August 1, 2000, the alleged onset date, through the date last insured ("DLI"). (A.R. 13, Findings 1-2.) At step two, the ALJ found that Plaintiff has a severe impairment through the DLI of status post breast cancer with radiation treatment. (A.R. 13, Finding 3.) At step three, the ALJ found that, through the DLI, Plaintiff did not have an impairment or combination of impairments that meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (A.R. 13, Finding 4.)

The ALJ found Plaintiff capable of performing a residual functional capacity ("RFC") for the full range of light work as defined in 20 C.F.R. § 404.1567(b). (A.R. 14, Finding 5.) The ALJ found Plaintiff's statements concerning the intensity, persistence and limiting effects of these symptoms not fully credible. (A.R. 15.) At step four, the ALJ found Plaintiff capable of performing her past relevant work ("PRW") as a shopping investigator and supervisor of ordering and billing as they were actually performed and as they are generally performed in the national economy based on vocational expert testimony. (A.R. 16, Finding 6.) The ALJ made no alternative step five finding. Based on all of these findings, the ALJ found Plaintiff not disabled and denied her application for a period of disability and disability insurance benefits.

## DISCUSSION

## I. Judicial Standard of Review

The court reviews administrative decisions in social security disability benefits cases under 42

U.S.C. § 405(g).  *See Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002).  Section 405(g) states, "Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . brought in the district court of the United States for the judicial district in which the plaintiff resides."  The court may enter, "upon the pleadings and transcripts of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."  *Id.*  The Ninth Circuit reviews a decision of a District Court affirming, modifying or reversing a decision of the Commissioner *de novo*.  *Batson v. Commissioner*, 359 F.3d 1190, 1193 (9th Cir. 2003).

The Commissioner's findings of fact are conclusive if supported by substantial evidence.  42 U.S.C. § 405(g); see also *Ukolov v. Barnhart*, 420 F.3d 1002 (9th Cir. 2005).  However, the Commissioner's findings may be set aside if they are based on legal error or not supported by substantial evidence.  *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006); *see also Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).  The Ninth Circuit defines substantial evidence as "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n. 1 (9th Cir. 2005).  In determining whether the Commissioner's findings are supported by substantial evidence, the court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion."  *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *see also Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996).

Under the substantial evidence test, the Commissioner's findings must be upheld if supported by inferences reasonably drawn from the record.  *Batson*, 359 F.3d at 1193.  When the evidence will support more than one rational interpretation, the court must defer to the Commissioner's interpretation.  *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *see also Flaten v. Sec'y of Health and Human Serv.*, 44 F.3d 1453, 1457 (9th Cir. 1995).  Consequently, the issue before the court is not whether the Commissioner could reasonably have reached a different conclusion, but whether the final decision is supported by substantial evidence.

It is incumbent on the ALJ to make specific findings so that the court does not speculate as to the basis of the findings when determining if the Commissioner's decision is supported by substantial evidence. Mere cursory findings of fact without explicit statements as to what portions of the evidence were accepted or rejected are not sufficient. *Lewin v. Schweiker*, 654 F.2d 631, 634 (9th Cir. 1981). The ALJ's findings "should be as comprehensive and analytical as feasible, and where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based." *Id.*

## II.  Disability Evaluation Process

The individual seeking disability benefits has the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir 1995), *cert. denied*, 517 U.S. 1122 (1996). To meet this burden, the individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). More specifically, the individual must provide "specific medical evidence" in support of her claim for disability. 20 C.F.R. § 404.1514. If the individual establishes an inability to perform her prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Batson*, 157 F.3d at 721.

The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled. *See* 20 C.F.R. § 404.1520; *see also Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). If at any step the ALJ determines that he can make a finding of disability or nondisability, a determination will be made and no further evaluation is required. *See* 20 C.F.R. § 404.1520(a)(4); *see also Barnhart v. Thomas*, 540 U.S. 20, 24 (2003). The first step requires the ALJ to determine whether the individual is currently engaging in SGA. 20 C.F.R. § 404.1520(b). SGA is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities usually for pay or profit. 20 C.F.R. § 404.1572(a)-(b). If the individual is currently engaging in SGA, then a finding of not disabled is made. If the individual is not engaging in SGA, then the analysis proceeds to the second step.

The second step addresses whether the individual has a medically determinable impairment

that is severe or a combination of impairments that significantly limits him from performing basic work activities. 20 C.F.R. § 404.1520(c). An impairment or combination of impairments is not severe when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on the individual's ability to work. 20 C.F.R. § 404.1521; *see also* Social Security Rulings ("SSRs") 85-28, 96-3p, and 96-4p.[3] If the individual does not have a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to the third step.

The third step requires the ALJ to determine whether the individual's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526. If the individual's impairment or combination of impairments meet or equal the criteria of a listing and meet the duration requirement (20 C.F.R. § 404.1509), then a finding of disabled is made. 20 C.F.R. § 404.1520(h). If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to the next step.

Before considering step four of the sequential evaluation process, the ALJ must first determine the individual's RFC. 20 C.F.R. § 404.1520(e). The RFC is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. *See* SSR 96-8p. In making this finding, the ALJ must consider all the relevant evidence such as, all symptoms and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. § 404.1529; *see also* SSRs 96-4p and 96-7p. To the extent that statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the ALJ must make a finding on the credibility of the individual's statements based on a consideration of the entire case record. The ALJ must also consider opinion

---

[3] SSRs constitute SSA's official interpretations of the statute it administers and its regulations. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1224 (9th Cir. 2009); *see also* 20 C.F.R. § 402.35(b)(1). They are entitled to some deference as long as they are consistent with the Social Security Act and regulations. *Bray*, 554 F.3d at 1223 (finding ALJ erred in disregarding SSR 82-41).

evidence in accordance with the requirements of 20 C.F.R. § 404.1527 and SSRs 96-2p, 96-5p, 96-6p, and 06-3p.

The fourth step requires the ALJ to determine whether the individual has the RFC to perform her PRW. 20 C.F.R. § 404.1520(f). PRW means work performed either as the individual actually performed it or as it is generally performed in the national economy within the last 15 years or 15 years prior to the date that disability must be established. In addition, the work must have lasted long enough for the individual to learn the job and performed at SGA. 20 C.F.R. § 404.1560(b) and 404.1565. If the individual has the RFC to perform her past work, then a finding of not disabled is made. If the individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to the fifth and last step.

The fifth and final step requires the ALJ to determine whether the individual is able to do any other work considering her RFC, age, education, and work experience. 20 C.F.R. § 404.1520(g). If she is able to do other work, then a finding of not disabled is made. Although the individual generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Commissioner. The Commissioner is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the individual can do. *Yuckert*, 482 U.S. at 141-42.

**III.    Analysis and Findings**

Plaintiff seeks reversal of the ALJ's decision for several reasons. First, Plaintiff contends that her application was not sufficiently reviewed because she was not represented by an attorney. Second, Plaintiff does not understand why her application was denied and seeks a written statement explaining the denials at each step of the process. Third, Plaintiff generally alleges that she is disabled based on her impairments.

In response, the Commissioner contends that Plaintiff's lack of representation was not prejudicial. The Commissioner also highlights the fact that Plaintiff received notices of the initial and reconsideration determinations, the ALJ's decision, and the Appeals Counsel's decision. The Commissioner contends that this Court may only review the final agency decision and Plaintiff is not entitled to re-open the initial and reconsideration determinations. Finally, the Commissioner argues

that the ALJ's RFC determination is supported by substantial evidence.

### A. Lack of Representation

Plaintiff generally alleges that her application was not sufficiently reviewed due to the absence of an attorney. However, she notes that she told the ALJ that she felt no need to postpone the hearing because she could answer the questions truthfully. Also, Plaintiff concedes that the administrative process is set up so individuals can complete the information. Further, Plaintiff notes that six attorneys refused to represent her and it took her three years to get to the hearing phase. In response, the Commissioner claims that the statutory obligation to inform Plaintiff of the options for obtaining representation was met by issuing the requiring oral and written disclosures. Further, the Commissioner contends that there is no evidence of prejudice or unfairness in the proceedings due to lack of representation.

The Court finds that Plaintiff has not established that the ALJ's decision is not supported by substantial evidence because she was unrepresented. The disability evaluation process is a non-adversarial process. Even Plaintiff concedes that the process is setup so individuals can provide the necessary information. Additionally, Plaintiff received notice of her right to representation. (A.R. 63, 68-69.). The ALJ also informed Plaintiff that she could have a continuance of the hearing if she wished to obtain representation. (A.R. 25-26). Plaintiff stated that she would represent herself and that she did not see any need to get an attorney at that time. (A.R. 25-26.). As a result, Plaintiff was given the notice and opportunity to obtain representation and knowingly requested to proceed with the hearing without representation. The Court finds that the Commissioner met its burden to provide information about the right to representation and Plaintiff knowingly waived her right. *See* 42 U.S.C. § 406(c).

Moreover, Plaintiff's Motion (#16) states no specific grounds for prejudice or unfairness that resulted from her lack of representation. She notes that there is missing or inaccurate information in the hearing transcript because she was turned down by six attorneys and it took her three years to reach the hearing stage. The Court finds that the fact that such information is not listed in the hearing transcript does not make it inaccurate and there is no indication that Plaintiff stated such information at the hearing. Similarly, Plaintiff disagrees with some of the summary of the medical information,

such as the fact that she had one surgery. However, the ALJ was bound to consider only the medical evidence relevant to the period at issue, ending at her DLI, and therefore, the fact that Plaintiff had multiple surgeries does not equate to an inaccurate or incomplete record.

Also, lack of counsel does not affect the validity of the hearing unless the plaintiff can demonstrate prejudice or unfairness in the administrative proceedings. *See Vidal v. Harris*, 637 F.2d 710, 713 (9th Cir. 1981); *see also Key v. Heckler*, 754 F.2d 1545, 1550-51 (9th Cir. 1985). Here, the Court finds that the ALJ met the heavy burden of adequately examining Plaintiff and the vocational expert to determine if she was qualified to perform the jobs identified at step four. In Social Security cases, the ALJ has a special duty to fully and fairly develop the record and to assure that the individual's interests are considered. *See Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir. 1983). The ALJ has this duty regardless of Plaintiff's representation status. When an individual is unrepresented, however, the ALJ must be especially diligent in exploring for all the relevant facts. *See Cox v. Califano*, 587 F.2d 988, 991 (9th Cir. 1978). After a careful review of the hearing transcript, the Court finds that the ALJ met his duty to fully and fairly develop the record and explore all the relevant facts. He elicited testify from Plaintiff as to her impairments, symptoms, work limitations, and pain. The ALJ also considered lay testimony, adequately questioned the vocational expert, and provided Plaintiff with an opportunity to question the vocational expert. Further, the Court finds no evidence to suggest that Plaintiff was unable to represent her interests adequately or communicate the necessary information. Therefore, Plaintiff's lack of representation is not a factor that warrants remand or reversal.

### B.   **Explanation of Denial of Benefits**

Plaintiff contends that she does not understand why she was denied benefits. She seeks an explanation for why she was denied at each step of the process. In response, the Commissioner contends that judicial review is limited to a final decision of the Commissioner. Further, the Commissioner asserts that Plaintiff received the proper explanations at each step of the process.

The Court finds that Plaintiff was provided with the required notifications to inform her of the reasons why her application was denied at each step of the administrative process. *See* 20 C.F.R. §§ 404.904 and 404.922 (requiring written notice of the initial and reconsideration determinations to be

mailed with an explanation); (A.R. 43-49, 51-53.) The Court agrees with the Commissioner that its review is limited to a final decision. As such, the Court has carefully reviewed the administrative record and the ALJ's decision. It finds that the ALJ's decision properly complied with the five-step sequential evaluation process and provided the required findings for steps one through four. Plaintiff asserts no deficiency with the initial and reconsideration determinations or ALJ and Appeals Counsel decisions besides the general allegation that she disagrees with the conclusion. Furthermore, the determinations and ALJ decisions all highlighted the fact that Plaintiff failed to produce sufficient evidence to find that she was disabled prior to her DLI. Plaintiff appears to rely on the fact that she produced more medical evidence dated after her DLI to conclude that the ALJ failed to properly consider her impairments and limitations. However, as will be addressed below, the ALJ was limited to considering Plaintiff's RFC for the period at issue, ending with the DLI. Accordingly, the Court finds that Plaintiff lack of understanding of the denial of her application at each stage is not a defect that justifies remand or reversal.

### **C.** **RFC Determination**

Plaintiff provides a summary of the medical evidence she believes warrants a finding of disability. She notes that the only change since 2001 is the medication combination she takes. Further, Plaintiff alleges that the severity of pain she experiences continues to increase and her inability to live a productive life is the same as it was in 2001. In response, the Commissioner contends that the relevant time period is August 1, 2000, the alleged onset date, through December 31, 2003, the DLI. The Commissioner argues that any evidence of deterioration after this period of time is not relevant. Further, the Commissioner claims that the ALJ's decision, including the RFC finding, is supported by substantial evidence.

The Court finds that the ALJ properly considered the evidence of record from the alleged onset date through the DLI and the finding of not disabled is supported by substantial evidence. Plaintiff's application is limited to a period of disability and disability insurance benefits. As a result, the ALJ properly noted that medical evidence of record dated after December 31, 2003 was not relevant to determine whether she was disabled as of her DLI. He provided a thorough review of the medical evidence of record and noted routine or conservative treatment for Plaintiff's alleged headaches, the fact that surgery was generally successful in relieving her symptoms, and repeat

mammograms revealed no evidence of additional disease. (A.R. 15-16.) He also considered Plaintiff's testimony of pain and headaches, her work history, activities of daily living, and lay testimony in making a credibility finding. (A.R. 14-16). Further, the ALJ considered all opinion evidence and highlighted the fact that no treating or examining physician opined that Plaintiff was disabled or has limitations greater than those assigned by the ALJ in the RFC finding. As a result, the Court finds that the ALJ's RFC finding limiting Plaintiff to light work and step four finding that she can perform her past relevant work are supported by substantial evidence.

### IV. Conclusion

Judicial review of the Commissioner's decision to deny disability benefits is limited to determining whether the decision is free from legal error and supported by substantial evidence. It is the ALJ's responsibility to make findings of fact, draw reasonable inferences from the record, and resolve conflicts in the evidence including differences of opinion. Having reviewed the Administrative Record as a whole and weighed the evidence that supports and detracts from the conclusion, the Court finds that the ALJ's decision is supported by substantial evidence under 42 U.S.C. § 405(g) and does articulate sufficient rationale to satisfy the requisite legal standards.

Based on the foregoing and good cause appearing therefore,

### RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that Plaintiff's Motion for Reversal/Remand (#16) be **denied**.

**IT IS FURTHER RECOMMENDED** that Defendant's Cross-Motion to Affirm (#17) be **granted**.

### NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir.

1991); *Britt v. Simi Valley United Sch. Dist.,* 708 F.2d 452, 454 (9th Cir. 1983).

Dated this 11th day of August, 2014.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**